# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MY TOWN SUPERMARKET #1,** and **LUIS M. PAYANO,** | : |
| | : CIVIL ACTION NO. 3:17-0921 |
| **Plaintiffs** | : |
| v. | : (JUDGE MANNION) |
| **UNITED STATES OF AMERICA,** | : |
| **Defendant** | : |

## MEMORANDUM

Plaintiffs My Town Supermarket #1 (the "store") and its owner, Luis M. Payano, filed this action against the United States seeking the court's *de novo* review, pursuant to 7 U.S.C. §2023, of the permanent disqualification of the West Hazleton grocery store from participating in Supplemental Nutrition Assistance Program ("SNAP") after it was found to have engaged in trafficking SNAP benefits.[1] Pending before the court is the report and recommendation of Magistrate Judge Schwab filed on May 17, 2019, (Doc. 46), which recommends that the United States's motion for summary judgment be granted.[2] Plaintiffs filed objections to the report, (Doc. 49), along with a brief in support thereof, (Doc. 49-1). The government filed a response to plaintiffs'

---

[1] SNAP is commonly known as the food stamp program.

[2] "[D]e novo review [7 U.S.C. §2023(a)(15)] is compatible with a summary judgment disposition if there are no material facts in dispute." Shreegi Enterprises, Inc. v. United States, 2018 WL 1919576, *1 (M.D.Pa. April 24, 2018) (citation omitted).

objections.³ (Doc. 50). Upon review, the report will be **ADOPTED** and the United States's summary judgment motion will be **GRANTED**. Plaintiffs' objections will be **OVERRULED**.

I.    **STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also*

---

³In plaintiffs' brief in support of their objections and in the government's response to the objections, both parties misidentify Magistrate Judge Schwab as "Magistrate" Schwab. The title magistrate no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, §321 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). Counsel for both parties are reminded to use the correct title, in the future, when referring to Judge Schwab.

Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## II. DISCUSSION[4]

"The burden is placed upon the store owner to prove by a preponderance of the evidence that the violations did not occur." Shreegi Enterprises, 2018 WL 1919576, *2 (citations omitted); *see also* Famous Int'l Market v. United States, 2018 WL 3015249, at *9 (E.D.Pa. June 15, 2018) ("At trial, the Market bears the burden to prove by a preponderance of the evidence SNAP trafficking did not occur"). "[E]ven a single incident of trafficking is enough to justify permanent disqualification." Shreegi Enterprises, 2018 WL 1919576, *2 (citations omitted). "The *de novo* standard of review applies to determine if a violation occurred", and the standard of

---

[4]Since Judge Schwab stated the procedural background and the facts of this case, with citation to the record, as well as the summary judgment standard, the court does not repeat them. The briefs of the parties filed in regard to the government's summary judgment motion also detail the background and the facts of this case. Also, Judge Schwab states that correct scope of review for judicial review of a SNAP disqualification and it shall not be fully repeated. *See also* Shreegi Enterprises, 2018 WL 1919576, *1-*2.

3

review to determine if the sanction was appropriate "is whether the sanction was 'unwarranted in law or without justification in fact,' or was 'arbitrary or capricious.'" *Id.* (citations omitted). However, "[a] sanction 'is not arbitrary or capricious if it complies with FNS's own policy.'"[5] *Id*. (citation omitted). "The plaintiff has the burden of proof on the sanction issue as well." *Id*. (citation omitted). The court "must reach its own factual and legal conclusions", *id*. (citation omitted), "[it] is not limited to matters considered in the administrative proceedings", *id.* (quoting Freedman v. Dep't of Agric., 926 F.2d 252, 261 (3d Cir. 1991), and "the plaintiff may offer any relevant evidence available to support his case." *Id*. (citations omitted). "To survive summary judgment, a plaintiff in a Food Stamp Program disqualification case must raise material issues of fact as to each alleged violation." *Id*. (quoting Ganesh v. United States, 658 Fed.Appx. 217, 219 (6th Cir. 2016)).

The store's permanent disqualification from SNAP for trafficking SNAP benefits, based on "transactions that establish clear and repetitive patterns of unusual, irregular, and inexplicable activity", was upheld by the USDA on May 17, 2017. In the plaintiffs' present action, they seek the court's *de novo* review of the store's disqualification pursuant to 7 U.S.C. §2023 and 7 C.F.R. §279.7.

No doubt that "[i]t is illegal to traffic in SNAP benefits." Shreegi

---

[5]"FNS" refers to United States Department of Agriculture (USDA") Food and Nutrition Service. *See* Shreegi Enterprises, 2018 WL 1919576, *1. The USDA oversees SNAP. FNS monitors possible trafficking of SNAP benefits.

4

Enterprises, 2018 WL 1919576, *3 (citations omitted). "In relevant part, 'trafficking' is defined as 'buying, selling ... or otherwise effecting an exchange of SNAP benefits ... for cash or consideration other than eligible food....'" *Id.* (citing 7 C.F.R. §271.2). "Eligible foods means: (1) Any food or food product intended for human consumption except alcoholic beverages, tobacco, and hot foods and hot food products prepared for immediate consumption...." *Id*. (citing 7 C.F.R. §271.2).

The store was permanently disqualified by FNS when it found that the store engaged in trafficking SNAP benefits. FNS examined four categories of suspicious patterns of EBT transactions at the store.[6] After separately analyzing the four categories of the violations charged against the store, Judge Schwab finds that the store failed to meet its burden to prove that the violations did not occur and that it did not traffic SNAP benefits. As such, she recommends that the government's motion for summary judgment be granted since the record supports FNS's finding that the store trafficked SNAP benefits and that the store should be permanently disqualified from SNAP.

The first category of violations is rapid and repetitive transactions made in a short period of time by various households, and the report finds there are no issues of material fact that these violations occurred. The report details the government's evidence with respect to the first category, (Doc. 46 at 20-21),

---

[6]"SNAP funds are used by beneficiaries through electronic benefit transfer or 'EBT' cards, which are loaded monthly and operate in a similar fashion to debit cards." Cheema v. United States, 365 F.Supp.3d 172, 177 (D.Mass. 2019).

5

and concludes:

> Given the physical characteristics of My Town's store—as noted above, the store only used one of its two cash registers during the relevant time period, did not use an optical scanner, and did not have a working conveyor belt—the government argues, and we agree, that it is implausible that My Town's cashiers could process two transactions back to back as quickly as they did in the thirty-three sets that the government has compiled. *See* doc. 35 at 19.

Plaintiffs did not dispute that the transactions occurred, rather they contend that the government failed to show that the transactions amounted to trafficking. The report finds that plaintiffs failed to meet their burden of showing that a violation did not occur. The report also states that "generalized or conclusory arguments are not sufficient to create a genuine issue of material fact, Famous Int'l Mkt., 2018 WL 3015249, at *10, and My Town may not simply rely on general statements about its customers' practices to defeat the government's summary judgment motion. Shreegi, 2018 WL 1919576, at *20." (Id. at 23).

In their objections pertaining to all four categories of transactions at issue, plaintiffs contend that "the court should reject the precedent in this District that general shopping behavior and business explanations are insufficient to survive summary judgment ...." The court declines to do so, and it concurs with the well reasoned decision in Shreegi, *id.* at *20, as well as the decisions in the other districts cited in Shreegi, which have held that stores "may not rely on generalized or conclusory arguments to create genuine issues of material fact." Famous Int'l Market, 2018 WL 3015249, at *10. *See*

6

*also* Cheema, 365 F.Supp. 3d at 182 ("Even when asserting blanket rebuttals to proffered evidence of trafficking, 'the accused store [has] to proffer competent evidence, not merely conclusory generalizations.'" (citing Irobe v. U.S. Dep't of Agric., 890 F.3d 371, 380 n. 3 (1st Cir. 2018)).[7]

Thus, the recommendation that the government's summary judgment motion should be granted regarding the first category of transactions will be adopted and plaintiffs' objections to it will be overruled.

The second category of violations is rapid and repetitive transactions made in a short period of time by the same household. FNS found 50 separate sets of transactions in which the store processed one transaction and then rapidly processed another transaction from the same household. Plaintiffs did not dispute the occurrence of these transactions, but argue that the government did not establish that the transactions were indicative of trafficking. Although plaintiffs offered explanations as to these transactions, such as the store's special deals and co-shopping by its customers, the report finds that there is no genuine issue of material fact regarding the finding by FNS that the second category of transactions showed trafficking. The report again finds that plaintiffs' explanations, without evidence for support, are merely "general statements about customers' shopping patterns or other customer practices [and that such statements] are not enough to create a triable issue of fact." Shreegi Enterprises, 2018 WL 1919576, *20 (citation

---

[7] *See also* the cases cited to in the government's response to plaintiffs' objections. (Doc. 50 at 3-4).

omitted). *See also* Cheema, 365 F.Supp. 3d at 182 ("Generalized observations about the store and customers' typical practices 'lack force in the face of ample transaction data.'") (citation omitted).

Thus, the court will adopt the recommendation that the government's summary judgment motion be granted regarding the second category of transactions since the store failed to meet its burden of proving that a violation did not occur.

The third category of transactions that FNS found suspicious was single transactions that depleted or almost depleted a household's monthly SNAP benefits. In particular, FNS found that the store processed 65 transactions, totaling $13,223.90, in which the amount debited from the EBT accounts entirely depleted or almost entirely depleted the balance in the accounts. The store did not dispute that the occurrence of these transactions but contends that FNS failed to present sufficient data to show that the transactions were suspicious.

As the report details, FNS cited to sufficient data regarding the third category of suspicious transactions. Indeed, as the court in Shreegi Enterprises, 2018 WL 1919576, *22, stated, "FNS has found that depleting a household's entire allotment in one or a few transactions or within one or two days, leaving little or no benefits for the rest of the month, is inconsistent with normal shopping patterns of SNAP households and is often indicative of trafficking." (citing Ganesh, 658 Fed.Appx. at 218 ("the FNS identified many transactions where a customer would spend nearly all of his or her monthly

8

SNAP allotment within a very short timeframe, a pattern that is inconsistent with typical SNAP recipient behavior")).

The court finds that plaintiffs' generalized explanations regarding the depletion of SNAP benefits by the store's customers in a short period of time are not sufficient. *See id.* Thus, the plaintiffs failed to meet their burden as to the third category of transactions and the government is entitled to summary judgment as to these transactions.

The fourth category of transactions found suspicious at the store by FNS was excessively large transactions as compared to the average transaction in the county. As the report, (Doc. 46 at 28-29), states:

> These 246 transactions were for totals ranging from a low of $95.32 to a high of $392.00, and together they totaled $40,257.34. Doc. 34-1 ¶36-37; doc. 41-6 ¶36-37. The county average transaction during the relevant time period was $23.91. Id. Transactions that are significantly higher than the average transaction are circumstantial evidence that a store trafficked SNAP benefits. *See, e.g.*, Cheema, 365 F.Supp. 3d at 187-90; Famous Int'l Mkt., 2018 WL 3015249, at *13-14; Shreegi, 2018 WL 1919576, at *23-26.

The court concurs with the report's finding that there is no genuine issue of material fact regarding the fourth category of transactions as well as its rationale finding that plaintiffs' evidence did not create a genuine issue of material fact. (Doc. 46 at 29-30).

As such, the government is entitled to summary judgment with respect to the fourth category of transactions.

In their objections with respect to all of the category of transactions at

9

issue, plaintiffs contend that Judge Schwab erred since "there was no correlation of the cited transaction categories to the act of trafficking in SNAP benefits." They argue that it was error for the judge to find a correlation between the store's EBT transaction data and the practice of trafficking because "[s]uch specific correlation is not adopted by statute or regulation." However, as the government points out, (Doc. 50 at 5), "the governing regulations, ..., explicitly permit FNS to disqualify a store based on 'inconsistent redemption data, [or] evidence obtained through a transaction report under an electronic benefit transfer system.'" (citing 7 C.F.R. §278.6(a)). In fact, "[this data is so related] to the practice of trafficking that FNS and courts are free to base their findings of trafficking solely upon such evidence." (Id.) (citing Shreegi Enter., Inc., 2018 WL 1919576, at *2 ("reliance on EBT transaction data alone is sufficient"); Famous Int'l Market, 2018 WL 3015249, at *9 (similar)).

Next, plaintiffs object to the report arguing that it fails to mention "the contemporaneous undercover investigation conducted by the [USDA's] Retailer Investigative Branch which found that there was no indication that the store was violating SNAP regulations." (Doc. 49-1 at 12). They contend that this evidence from the government's own records supports their contention that trafficking did not occur at the store and it should have been given weight by the report.

Initially, the undercover investigation, although mentioned in plaintiffs' statement of undisputed material facts, (Doc.41-5 at ¶ 21), this investigation

10

was not addressed in plaintiffs' brief in opposition to the government's summary judgment motion. In any event, as the government states, (Doc. 50 at 5-6), "that the Retailer Investigative Branch's investigation revealed no additional instances of trafficking [during the undercover investigation] has no probative bearing on whether the flagged transactions were actual instances of trafficking, ...." As discussed, when the government reviewed several transactions for the store, it found that trafficking occurred. Further, "even a single incident of trafficking requires permanent disqualification," "[a]nd to survive summary judgment, Plaintiff must raise material issues of fact as to each alleged violation." Shreegi Enterprises, 2018 WL 1919576, *20 (citations omitted).[8]

Finally, the report finds that the store's permanent disqualification from SNAP was not arbitrary or capricious. The report, (Doc. 46 at 31), finds that "the permanent disqualification [of the store] was proper under 7 U.S.C. §2021, and 7 C.F.R. §278.6, which allow the government to permanently disqualify a retailer based on even a single instance of trafficking." *See* Famous Int'l Mkt., 2018 WL 3015249, at *14 ("A SNAP retailer shall be permanently disqualified after the first occasion of SNAP benefit trafficking.") (citing 7 U.S.C. 2021(b)(3)(B)). As discussed, plaintiffs failed to create a genuine issue of material fact regarding any of the four categories of

---

[8]To the extent plaintiffs contend in their objections that the government made various evidentiary concessions and that Judge Schwab failed to account for these, as the government explains, (Doc. 50 at 6-7), it did not make any such concessions.

transactions which showed that the store engaged in SNAP benefit trafficking. Thus, the record and the evidence, as detailed in the report, demonstrates that FNS did not arbitrarily or capriciously permanently disqualify the store from SNAP.

Further, plaintiffs did not request a civil monetary penalty in lieu of disqualification. Nor does the record support a finding the store qualifies for a civil monetary penalty in lieu of permanent disqualification since it did not produce evidence that it had an effective compliance policy and effective personnel training program in place to prevent SNAP violations. (*See* Doc. 35 at 24-25).

## III. CONCLUSION

Based on the foregoing, Judge Schwab's report will be **ADOPTED** and the United States's summary judgment motion will be **GRANTED**. Plaintiffs' objections will be **OVERRULED**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: July 12, 2019**
17-0921-01.wpd